NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN K. JOHNSON, | No. 21-35968 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-01215-RSL |
| v. | |
| PRITZ NAVARATNASINGAM, Director V.A. Regional Office; MIKE KWAITER, Claim Adjustor; MICHAEL TEDYCH, Director of V.A. Hospital; VANDERWALKER; BROWN, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted August 17, 2022**

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Brian K. Johnson appeals pro se from the district court's judgment

dismissing his action concerning veteran's disability benefits.  We have

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1151 (9th Cir. 2017) (dismissal for lack of subject matter jurisdiction); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Johnson's action for lack of subject matter jurisdiction because the United States Courts of Appeal for Veterans Claims and the Federal Circuit have exclusive jurisdiction over questions that relate to benefits administered by the Veterans Administration. *See* 38 U.S.C. § 511; *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022-25 (9th Cir. 2012) (en banc) (the Veterans' Judicial Review Act generally precludes district court jurisdiction over claims relating to or affecting veterans' benefits decisions, "even if the veteran dresses his claim as a constitutional challenge, and even where the veteran has challenged some other wrongful conduct that, although unrelated to the [Department of Veterans Affair's] ultimate decision on his claim, affected his or her benefits proceeding" (citations omitted)).

To the extent Johnson intended to allege claims unrelated to benefits decisions, dismissal was proper because Johnson failed to allege facts sufficient to state any claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid

dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**